# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Respondent/Plaintiff,

v.                                                                                           CV 05-1250 JP/WPL
                                                                                          CR 04-1819 JP

ARTURO LOPEZ-ALVARAN,

      Movant/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Arturo Lopez-Alvaran pled guilty to reentry of an alien previously convicted of an aggravated felony. He was sentenced to seventy-seven months of imprisonment. (Doc. 22.)[1]

The matter is before me now on Lopez-Alvaran's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 (Doc. 23), the United States's response (Doc. 9 (CV 05-1250 JP/WPL)), and Lopez-Alvaran's motion for default (Doc. 26). For the reasons that follow, I recommend that Lopez-Alvaran's motion under § 2255 and his motion for default be denied.

### PROCEDURAL AND LEGAL BACKGROUND

The maximum sentence for illegal reentry of an alien is two years of imprisonment. *See* 8 U.S.C. § 1326(a)(1), (2). The maximum is increased to twenty years of imprisonment if the alien was previously convicted of an aggravated felony. *See id.* § 1326(b)(2). Lopez-Alvaran was indicted for reentry of an alien previously convicted of an aggravated felony (Doc. 7) and thus was subject to the twenty-year maximum. With the advice of counsel, Lopez-Alvaran entered into a plea agreement with the United States and pled guilty to the indictment. (Doc. 13, 15.)

---

[1] Except as otherwise noted, all document number references are to CR 04-1819 JP.

Between the date that Lopez-Alvaran pled guilty and the date that he was sentenced before the Honorable James A. Parker, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). (*See* Doc. 13, 19.) Under the now-advisory Sentencing Guidelines, the sentencing range was between seventy-seven and ninety-six months. (*See* Doc. 17 at 3; Doc. 18 at 2.) Defense counsel argued that the sentencing range was unreasonable under *Booker* and that it over-represented the seriousness of Lopez-Alvaran's criminal history. (Doc. 17; Sentencing Tr. at 4-8.) Judge Parker rejected these arguments, noting that Lopez-Alvaran had been convicted of several offenses over the past six years and that each offense was committed shortly after he was released for a previous offense. (Sentencing Tr. at 11-14.) Accordingly, he sentenced Lopez-Alvaran to seventy-seven months in prison. (*Id.* at 14, 17.) Lopez-Alvaran did not appeal.

## MOTION FOR DEFAULT

On February 9, 2006, Lopez-Alvaran filed a motion for default judgment, asserting that the United States failed to respond to his § 2255 motion by the due date of January 31, 2006. (Doc. 25.) Lopez-Alvaran stated that as of February 6, 2006, he had not received a copy of the response or a motion for extension of time. (*Id.*) However, on January 31, 2006, the United States filed a motion for extension of time, which I granted on February 2, 2006. (Doc. 6, 7 (CV 05-1250 JP/WPL).) The response was timely filed on the extended due date of March 6, 2006. (Doc. 7, 9 (CV 05-1250 JP/WPL).) Therefore, I recommend that the motion for default be denied.[2]

## PROCEDURAL DEFAULT

Courts generally will not consider an issue raised in a § 2255 motion if that issue was not

---

[2] I note, however, that despite being given approximately three months to prepare its response, the United States only addressed four of Lopez-Alvaran's seven arguments in its response.

raised on direct appeal. *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004); *see also United States v. Frady*, 456 U.S. 152, 165 (1982). This rule does not apply, however, to claims of ineffective assistance of counsel. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). It also does not apply if the defendant can demonstrate "cause and prejudice" or a fundamental miscarriage of justice. *Harms*, 371 F.3d at 1211. A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice. *Id.*

Lopez-Alvaran did not pursue a direct appeal. Nevertheless, the United States has elected to respond to the merits of his § 2255 motion because "the over-all character of [the] motion is ineffective assistance." (Doc. 9 (CV 05-1250 JP/WPL) at 3.) The United States suggests that if the Court determines that any of Lopez-Alvaran's claims should be dismissed on the basis of procedural default, he should be given leave to explain why he failed to raise the claims on direct appeal. (*Id.* at 3 n.1.) I find it unnecessary to follow this suggestion because all of Lopez-Alvaran's claims can be resolved on other grounds. *See United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994).[3]

### VOLUNTARINESS OF PLEA

In his first issue, Lopez-Alvaran asserts that his guilty plea was involuntary because his attorney told him that he would receive only a twenty-four-month sentence. Lopez-Alvaran signed a plea agreement that informed him that he faced a maximum sentence of twenty years. (Doc. 15 at

---

[3] In his motion, Lopez-Alvaran claims that he did not appeal because his attorney failed to inform him of his right to appeal and of the procedure and deadline for filing an appeal. Judge Parker provided Lopez-Alvaran this information at the conclusion of the sentencing hearing, and Lopez-Alvaran stated that he understood it. (Sentencing Tr. at 17-18.) Lopez-Alvaran also complains that counsel failed to file a notice of appeal and states that "this might be considered as another GROUND (DENIAL OF RIGHT TO APPEAL)." (Doc. 23 at 5.) He does not claim that his counsel failed to follow his instructions to file an appeal, and there is nothing in his motion or the record to suggest that counsel had a duty to consult with him about an appeal under the circumstances of this case. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478-80 (2000).

2.) The Court orally reiterated this information to Lopez-Alvaran before he entered his plea. (Plea Tr. at 5.) The plea agreement further stated that Lopez-Alvaran understood that no one could accurately predict the sentencing range until after a presentence investigation, that the United States made no agreement that a specific sentence should be imposed, that the actual sentence imposed would be solely within the discretion of the Court, and that Lopez-Alvaran's guilty plea was not the result of promises apart from those set forth in the agreement. (Doc. 15 at 3, 6.) Accordingly, any erroneous prediction from counsel regarding the sentence could not render Lopez-Alvaran's plea involuntary. *See United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 2318 (2006); *United States v. Reyes Pena*, 216 F.3d 1204, 1212 (10th Cir. 2000).

### RIGHT TO CONSULAR NOTIFICATION

In his second issue, Lopez-Alvaran argues that his conviction was obtained by use of a coerced confession because he was not notified of his right to contact the Mexican Consulate. He also seems to argue that his right to bail was violated, preventing him from obtaining the assistance of the Consulate in finding an attorney to represent him.

A voluntary guilty plea waives all nonjurisdictional errors occurring before the plea. *United States v. Flynn*, 309 F.3d 736, 739 (10th Cir. 2002). Therefore, Lopez-Alvaran waived his arguments relating to consular notification. *See McMann v. Richardson*, 397 U.S. 759, 767-68 (1970) (proof that defendant was motivated to plead guilty because of a coerced confession insufficient to warrant habeas relief); *United States v. Reyes-Platero*, 224 F.3d 1112, 1115 (9th Cir. 2000) (error in failing to advise defendant of right to contact consulate waived by guilty plea); *United States v. Guzman-Landeros*, 207 F.3d 1034, 1035 (8th Cir. 2000) (same); *Quillien v. Leeke*, 303 F. Supp. 698, 705 (D.S.C. 1969) (error in failing to release defendant on bail waived by guilty plea); *cf. Sanchez-*

*Llamas v. Oregon*, 126 S. Ct. 2669, 2687 (2006) (holding that the right to consular notification is subject to the same procedural default rules that govern other federal claims).

### ENHANCEMENT OF SENTENCE

In his third issue, Lopez-Alvaran argues that his conviction was obtained by the prosecution's failure to disclose exculpatory evidence. In particular, he asserts that the prosecution failed to investigate his criminal record before filing the indictment and thus wrongfully and knowingly designated one of his prior convictions as an aggravated felony. He further argues that designation of the prior offense as an aggravated felony resulted in such an increase in his punishment that his sentence violates the Double Jeopardy Clause.

Under certain limited circumstances, a guilty plea may be rendered involuntary by the prosecution's withholding of material evidence. Therefore, a defendant who has pled guilty is not automatically barred from claiming in a § 2255 motion that the prosecution withheld material evidence. *Wright*, 43 F.3d at 496. Here, however, there is nothing in the record to suggest that the prosecution withheld any material evidence. The indictment specifically alleged that Lopez-Alvaran "had been convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43), that being Attempted Residential Burglary," (Doc. 7) thus making clear that the prosecution intended to use the prior conviction to increase the punishment range. The punishment range set forth in the plea agreement took the prior conviction of an aggravated felony into account.

There is also nothing in the record to establish that the attempted residential burglary was not an aggravated felony. For purposes of the sentence enhancement at issue in this case, an "aggravated felony" includes an attempt to commit a burglary offense for which the term of imprisonment was at least one year. *See* 8 U.S.C. §§ 1101(a)(43)(G) and (U), 1326(b)(2). At the sentencing hearing,

5

Judge Parker stated without objection that Lopez-Alvaran served three years for a residential burglary in Illinois. (Sentencing Tr. at 9-10, 12.)

Moreover, use of the prior conviction to enhance Lopez-Alvaran's sentence did not violate the Double Jeopardy Clause. *See United States v. Andrews*, 447 F.3d 806, 810 (10th Cir. 2006). The "enhancement was a 'stiffened penalty' for his § 1326 violation, rather than 'a new jeopardy or additional penalty for the earlier crime[ ].'" *United States v. Ramirez-Munoz*, No. 05-4095, 2006 WL 1644726, at *1 (10th Cir. June 15, 2006) (unpublished) (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)).

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth issue, Lopez-Alvaran contends that he received ineffective assistance of counsel. To establish ineffective assistance of counsel, he must satisfy a two-part test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential; thus, Lopez-Alvaran must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. Second, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* "In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *Silva*, 430 F.3d at 1099 (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

Lopez-Alvaran contends generally that his attorney did not conduct a proper investigation or

6

advise him properly. These assertions are too conclusory to establish ineffective assistance. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). More specifically, Lopez-Alvaran contends that counsel should have filed a motion to quash the complaint and indictment on the grounds raised in the three issues discussed above--the erroneous sentencing prediction, consular notification, and the sentence enhancement.

Regarding counsel's allegedly erroneous sentencing prediction, a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Furthermore, because he pled guilty after he was informed of the maximum sentence and warned that the sentence would be solely in the Court's discretion, Lopez-Alvaran cannot establish a reasonable probability that he would have insisted upon going to trial but for his attorney's erroneous estimate or promise. *See id.* at 1571; *see also Silva*, 430 F.3d at 1099-100.

As for the failure to notify Lopez-Alvaran of his right to contact the Mexican Consulate, this failure does not provide a basis for quashing the indictment or suppressing Lopez-Alvaran's incriminating statements. *See Sanchez-Llamas*, 126 S. Ct. at 2679-81; *Jogi v. Voges*, 425 F.3d 367, 379-80 (7th Cir. 2005); *United States v. Chanthadara*, 230 F.3d 1237, 1255-56 (10th Cir. 2000). Counsel cannot be deemed ineffective for not raising a meritless issue. *United States v. Dixon*, 1 F.3d 1080, 1083 n.5 (10th Cir. 1993), *abrogated on other grounds by Florida v. White*, 526 U.S. 559 (1999); *see also Coleman v. Brown*, 802 F.2d 1227, 1234 (10th Cir. 1986).

Lopez-Alvaran suggests that because he was not notified of his right to contact the Consulate, he was unable to secure its help in obtaining counsel. Any prejudice flowing from this inability is far too speculative to satisfy Lopez-Alvaran's burden of showing a reasonable probability that the

outcome of the proceeding would have been different.  *Cf. Sanchez-Llamas*, 126 S. Ct. at 2681 (noting that the right to consular notification "does not guarantee defendants *any* assistance at all"). This is particularly true considering that Lopez-Alvaran qualified for appointed counsel.

Regarding the contention that his previous conviction could not be used to enhance his punishment, as explained above, there is nothing in the record to suggest that the previous conviction could not be used for this purpose, nor did the enhancement violate the Double Jeopardy Clause. Again, counsel cannot be deemed ineffective for not raising a meritless issue.

### UNLAWFUL ARREST

In his fifth issue, Lopez-Alvaran asserts that his conviction was obtained by using evidence acquired pursuant to an unlawful arrest. He bases this assertion on the lack of a search warrant and the lack of notification of his right to contact the Mexican Consulate. Like his second issue, this issue was waived when Lopez-Alvaran pled guilty. *See Flynn*, 309 F.3d at 739.

### DOUBLE JEOPARDY

In his sixth issue, Lopez-Alvaran asserts that his conviction was obtained in violation of the Double Jeopardy Clause. As in his third issue, Lopez-Alvaran argues that use of a prior conviction to enhance his sentence resulted in his being sentenced twice for the same offense. Because I have already addressed the use of the attempted residential burglary conviction, I will assume that in this issue Lopez-Alvaran is referring to the consideration of another prior conviction or convictions in calculating his sentence under the Sentencing Guidelines. Consideration of prior convictions under the Sentencing Guidelines does not violate the Double Jeopardy Clause. *Andrews*, 447 F.3d at 810.

### BOOKER ERROR

In his seventh issue, Lopez-Alvaran asserts that he was sentenced in violation of *Booker*.

*Booker* does not require the fact of a prior conviction to be proven to a jury. *See Andrews*, 447 F.3d at 811. Moreover, Judge Parker did not apply the Guidelines in a mandatory fashion. *See id.* To the extent that Lopez-Alvaran may believe that the sentence is unreasonably long, I note that he was sentenced at the low end of the Guidelines range. The sentence is thus presumptively reasonable. *See United States v. Hernandez-Castillo*, 449 F.3d 1127, 1129-30 (10th Cir. 2006). Lopez-Alvaran has not rebutted this presumption.

## RECOMMENDATION

For the reasons stated above, I recommend that the § 2255 motion and the motion for default be denied and that CV 05-1250 JP/WPL be dismissed with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE